W. J. CONWILL et al. *v.* JAMES B. LIVINGSTON et al.

**Administrator — Final Account — Notice.**

A decree of court confirming the final account of an administrator is void when the citation is served personally on the distributees only, who are infants, and no guardian *ad litem* is appointed.[1]

On the 27th day of July, 1868, J. G. Conwill, administrator of the estate of J. J. Livingston, filed his final account as such, and on the 18th of August thereafter citation was served on James B. Livingston and M. L. Livingston, the heirs at law of the

---

1

"The court may appoint a guardian *ad litem* to any infant or insane defendant and allow him suitable compensation, payable out of the estate of such party, but such appointment shall not be made except when the court shall consider it necessary for the protection of the interest of such defendant; and no decree or judgment of any court in this State shall be void or

deceased, who were minors, returnable August 4, 1868, a regular term of the Probate Court of Itawamba county. The account was at that term of the court allowed, approved and confirmed and the administrator discharged.

Joseph G. Conwill died in July, 1879, and in August following appellants, W. J. and J. P. Conwill, were granted letters of executorship on his estate by the Chancery Court of Itawamba county.

In February, 1880, James B. Livingston and M. L. Livingston filed the petition in this case, praying that said executors of J. G. Conwill be required to make a final settlement of the estate of J. J. Livingston. The executors answered the petition, setting up the final account and the decree confirming same and discharging the administrator. At the April, 1880, term of the Chancery Court of said county the cause was heard on bill, answer and proof. A decree was rendered, requiring the said executors to make a final settlement for their testator in the estate of J. J. Livingston. From that decree they appeal.

APPEALED from Chancery Court, Itawamba county, L. HAUGHTON, Chancellor.

Affirmed, January 17, 1881.

*Attorneys for appellant, Newnan Cayce, and Robins & Allen.*

*Attorneys for appellees, Blair & Clifton.*

Brief of Newnan Cayce, and Robins & Allen:

If the decree of the Probate Court, made in 1868, allowing the final account of J. G. Conwill, as administrator of the estate of

---

erroneous because of the failure to have a guardian *ad litem.*" Code of 1880, § 1894; Code of 1892, § 553; Code of 1906, § 604.

In a suit by an administrator of an estate against all the heirs, it is proper for the court to appoint a guardian *ad litem* for such of the heirs as are minors, and direct that the guardian *ad litem* answer the bill without other service. Burrell et al. *v.* Anderson, 1 Miss. 357, and cases in note 1.

In Mississippi the court has no power to appoint a guardian *ad litem* for minor defendants, unless it is first made to appear that they have no mother or guardian in the State. Frank *v.* Webb, 67 Miss. 462; 6 So. 620.

J. J. Livingston, deceased, and discharging said administrator, be not void, it cannot be vacated or disregarded at a subsequent term. It is final and valid for all purposes unless reversed by the Supreme Court or attacked by bill of review.

If the court rendering the decree had jurisdiction of the subject matter and of the person, its decree, however erroneous, is not void. Wall *v.* Wall, 6 C. 413.

That the Probate Court, at the time of rendering the decree allowing the final account and discharging the administrator, had jurisdiction of the subject matter, will not be questioned, and, the proceeding being under the Probate Court law of 1857, the defendants being minors, the court, by virtue of the statute, had jurisdiction of their persons and was the guardian and protector of their interests. Burrus *v.* Burrus, 56 Miss. 94.

The record does not show the appointment of a guardian *ad litem* for the minors, and while the rendition of the decree without such appointment may have been an error for which the Supreme Court would have reversed it on appeal, yet such omission in no wise affects the jurisdiction of the court, and, at most, amounts only to an erroneous judgment. Smith et ux. *v.* Bradley et ux., 6 S. & M. 490.

The appointment of a guardian *ad litem* is only for the purpose of an appearance; failure to appear cannot render void a decree of a court of competent jurisdiction.

The Chancery Court could not in this manner vacate and annul the final decree of the Probate Court. Such final decree can only be vacated by the Supreme Court on appeal, and, unless so vacated or attacked by a bill of review, remains conclusive. Hendrick *v.* Pugh, 57 Miss. 162.

Brief of Blair & Clifton:

The appellants, by answer, set up this decree of the Probate Court of August, 1868, as a discharge of their testator from his trust. Before courts can render a valid judgment or decree, they must obtain jurisdiction of the person as well as of the subject matter. Did the court which rendered this decree obtain jurisdiction over the persons of these minors? Were they ever properly represented in court? Unless counsel has intended to argue that the Probate Court could render a valid decree against these minors without either citing them to appear, or without their be-

ing represented by a guardian, I am at a loss to apprehend his position, and yet such a position certainly would not be urged before a court of such learning.

If we take either construction of the Probate Court system, as expounded in Burrus v. Burrus, to be correct, and apply to the case at bar, the same result will be reached. Let us apply each construction of this law, as found in the opinion and dissenting opinion of Burrus v. Burrus, with other adjudications, to this case, and see whether the court ever had jurisdiction of the person of these minors.

We will first take the dissenting opinion of Justice Chalmers, which decides "that the minors must be personally cited, and also represented in court by a guardian." The sheriff's return shows that the citation was "executed in person by copy on J. B. Livingston and Mary L. Livingston." Now, in equity suits the statutes require the sheriff's return to show that the process was served on the infant personally, and his father, mother, or guardian, if any in the State; and, if the infant have neither in the State, the record must affirmatively show the fact before the court can appoint a guardian ad litem. Code 1871, § 704; Code 1857, p. 489, art. 64; Code 1857, p. 548, art. 52; Code 1871, § 1006; Ingersoll v. Ingersoll, 42 Miss. 162; Johnson v. McCabe, 42 Miss. 258; Mullins v. Sparks, 43 Miss. 131; Price v. Crone, 44 Miss. 557; Erwin v. Carson, 54 Miss. 282.

But, under the Probate Court system, the return of process "executed" or "summoned," without more, is sufficient. Code 1857, p. 428, arts. 20 and 21; Burrus v. Burrus, 56 Miss. 96 (overruling Munday v. Calvert, 40 Miss. 181); Martin v. Williams, 42 Miss. 210.

When, however, the sheriff, in making his return, attempts to comply with the requirements of the Circuit Court law, and the return shows that he had not so complied, the rights of the parties must be governed strictly by the Circuit Court law. Burrus v. Burrus, 56 Miss. 96.

Here the sheriff attempted to set out fully the manner in which he had executed the process, and the record shows that in its execution he did not meet the requirements of the law. The return shows only personal service on the infants, and fails to show that they did not have a mother, father, or guardian in the county. If, then, it had been necessary, under the old Probate Court system,

to cite the infant in order for the court to proceed by the appointment of a guardian *ad litem,* we see that this decree would be void on account of the fatal defect in the service of the process.  In legal effect, these infants have never been summoned.

Again, in Burrus *v.* Burrus, *supra,* the court says "that our Probate Court system, which was complete in itself, did not require an infant to be summoned in *any proceeding* had before it, but his guardian; and if the guardian failed to appear, or was personally interested, or if the infant had no guardian, the court was authorized to appoint a guardian *ad litem,* which gave the court complete jurisdiction."  The record shows that these infants were not represented by a guardian in any of the ways known to the law.  The decree, therefore, is void, whether you apply the one or the other construction of this law to it.  Burrus *v.* Burrus, 56 Miss. 96; Winston *v.* McLendon, 43 Miss. 254; Saxon *v.* Ames, 47 Miss. 565; Hendricks *v.* Pugh, 57 Miss. 157.

This decretal order and account amount only to an annual settlement.  Crawford et ux. *v.* Redus et al., 54 Miss. 700.

A bill of review is the remedy where there is a final decree sought to be reviewed; in this case there is no decree.  This proceding is not only proper, but the only one known to our practice; the appellants should be required to file a final account of their testator's administration of said estate.

OPINION.—*Per curiam:*
Citation on the final account of the appellants' testator, administrator of one Livingston, was served personally on the distributees alone, who were infants.  There was no appointment of a guardian *ad litem* for them.

The service on the infants was unauthorized by law and amounted to nothing.  It was essential that a guardian *ad litem* should be appointed, and the decree is, therefore, void.  See Burrus *v.* Burrus, 56 Miss. 92.

*Decree affirmed.*